IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR HERNANDEZ,

      Petitioner,                   No. 2: 10-cv-3256 KJN P

    vs.

MIKE McDONALD,

      Respondent.              ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The petition raises one claim, ineffective assistance of counsel, which petitioner concedes is not exhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion

1  requirement by providing the highest state court with a full and fair opportunity to consider all
2  claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971);
3  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
4        Petitioner has also filed a motion to stay proceedings so that he may exhaust his
5  ineffective assistance of counsel claim. The undersigned has discretion to stay "mixed" petitions,
6  i.e. petitions containing both exhausted and unexhausted claims, so that a petitioner may exhaust
7  the unexhausted claims. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005). The undersigned is
8  not authorized to stay a petition containing only unexhausted claims.
9        In the motion to stay, petitioner claims that the petition contains both exhausted
10 and unexhausted claims. As stated above, the petition raises only the unexhausted ineffective
11 assistance of counsel claim. For this reason, the motion to stay is denied.
12        If petitioner has exhausted claims, he is granted thirty days to file an amended
13 petition containing his exhausted and unexhausted claims as well as a renewed motion to stay.[1]
14 If no amended petition is filed within that time, this action will be dismissed on grounds that the
15 only claim raised is not exhausted.
16        Accordingly, IT IS HEREBY ORDERED that:
17        1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 6) is granted;
18        2. Petitioner's motion to stay (Dkt. No. 2) is denied;
19 ////
20 ////
21 ////
22 ////

---

25  [1] It appears from the petition that no claims are exhausted. Petitioner did not file a petition for review in the California Supreme Court after the California Court of Appeal upheld his conviction on direct appeal.

3. Petitioner is granted thirty days from the date of this order to file an amended petition containing his exhausted and unexhausted claims as well as a renewed motion to stay; if petitioner does not file an amended petition and renewed motion to stay, this action will be dismissed.

DATED: December 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

her3256.ord