IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR HERNANDEZ,

      Petitioner,               No. 2: 10-cv-3256 KJN P

      vs.

MIKE McDONALD,

      Respondent.           ORDER

_____/

      Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the undersigned.

      On January 3, 2011, the undersigned issued an order finding that the only claim raised in the petition, ineffective assistance of counsel, was not exhausted.

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

1 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

2       On January 3, 2011, petitioner was granted thirty days to file an amended petition containing exhausted as well as unexhausted claims and a motion to stay proceedings. Petitioner was cautioned that if he did not file an amended petition and motion to stay, this action would be dismissed on grounds that the only claim raised was not exhausted.

      Thirty days passed and petitioner did not respond to the January 3, 2011 order. Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that this action is dismissed based on petitioner's failure to exhaust state court remedies.

DATED: February 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

her3256.dis